IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RANALDO BENNETT, | Civil No. 3:26-cv-53 |
| Petitioner | (Judge Mariani) |
| v. | |
| WARDEN, FCI-LEWISBURG, | |
| Respondent | |

## MEMORANDUM

Petitioner Ranaldo Bennett ("Bennett") initiated the above-captioned action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Bennett alleges that the Federal Bureau of Prisons ("BOP") failed to apply his First Step Act ("FSA") time credits and denied him placement in prerelease custody. (*Id.*). For the reasons that follow, the Court will dismiss the habeas petition without prejudice because Bennett has not properly exhausted his claims.

### I.  Background

Bennett is serving a 27-month term of imprisonment imposed by the United States District Court for the District of New Jersey for his conviction of conspiracy to commit wire fraud. (Doc. 6-2, Declaration of BOP Case Manager Joshua Moyer ("Moyer Decl."), at 2 ¶ 3; Doc. 6-3, Public Information Inmate Data). According to BOP documentation submitted by Respondent, Bennett entered BOP custody on March 4, 2025, and his projected release date, via the First Step Act, is October 3, 2026. (Doc. 6-2, Moyer Decl., at 2 ¶ 3; Doc. 6-3,

Public Information Inmate Data). However, a review of the BOP's inmate locator indicates that Bennett's projected release date is now September 18, 2026.[1]

The Administrative Remedy Generalized Retrieval reveals that, while in BOP custody, Bennett has not filed any administrative remedies. (Doc. 6-2, Moyer Decl. at 3 ¶ 5; Doc. 6-4, Administrative Remedy Generalized Retrieval).

The BOP conducted a First Step Act Time Credit Assessment on January 2, 2026. (Doc. 6-2, Moyer Decl. at 3 ¶ 7; Doc. 6-5, FSA Time Credit Assessment). Bennett began to accrue programming days on March 4, 2025. (Doc. 6-5, FSA Time Credit Assessment). He has accrued 304 programming days, resulting in the application of 120 days of FSA time credits towards his early release. (Doc. 6-2, Moyer Decl. at 3 ¶ 7; Doc. 6-5, FSA Time Credit Assessment).

In his Section 2241 petition, Bennett alleges that the BOP failed to apply his FSA time credits and denied him placement in prerelease custody, Residential Reentry Center placement, or home confinement. (Doc. 1). Respondent contends that the Section 2241 petition must be dismissed because Bennett failed to exhaust his administrative remedies. (Doc. 6). Alternatively, Respondent argues that the petition must be denied because the Court lacks jurisdiction to hear Bennett's claims and the BOP properly calculated and applied his FSA time credits. (*Id.*). Because the uncontroverted record confirms that

---

[1] *See* FEDERAL BUREAU OF PRISONS' INMATE LOCATOR, https://www.bop.gov/inmateloc/ (searching Inmate Number 71810-510) (last visited Feb. 12, 2026).

2

Bennett has not exhausted his administrative remedies, the Court does not reach Respondent's alternative arguments.

## II.   **Discussion**

While there is no statutory exhaustion requirement for habeas corpus petitions brought pursuant to Section 2241, the Third Circuit has recognized that "[f]ederal prisoners are ordinarily required to exhaust their administrative remedies before petitioning for a writ of habeas corpus pursuant to [Section] 2241." *Moscato v. Federal Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996) (citations omitted); *Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000). Exhaustion is required because: "(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." *Moscato*, 98 F.3d at 761-62 (citations omitted); *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981).

However, exhaustion of administrative remedies is not required where these underlying reasons for exhaustion would not be served. *See Coleman v. U.S. Parole Comm'n*, 644 F. App'x 159, 162 (3d Cir. 2016) (unpublished). For example, exhaustion is unnecessary if the issue presented is one that involves only statutory construction. *See Vasquez v. Strada*, 684 F.3d 431, 433-34 (3d Cir. 2012) (citing *Bradshaw*, 682 F.2d at 1052). Exhaustion is also excused when it would be futile. *See Rose v. Lundy*, 455 U.S. 509, 516 n.7 (1982); *see also Brown v. Warden Canaan USP*, 763 F. App'x 296, 297 (3d

Cir. 2019). "In order to invoke the futility exception to exhaustion, a party must 'provide a clear and positive showing' of futility before the District Court." *Wilson v. MVM, Inc.*, 475 F.3d 166, 175 (3d Cir. 2007) (quoting *D'Amico v. CBS Corp.*, 297 F.3d 287, 293 (3d Cir. 2002)).

To exhaust administrative remedies, a federal inmate must comply with the procedural requirements of the BOP's administrative remedy process, which are set forth in the Code of Federal Regulations. *See generally* 28 C.F.R. §§ 542.10-542.19. Under these regulations, an inmate shall first attempt informal resolution of his complaint with staff and, if the inmate is unable to resolve his complaint informally, he shall submit a formal, written request on the proper form to the designated staff member. *See id.* §§ 542.13-542.14. If the inmate is not satisfied with the Warden's response, the inmate shall then submit an appeal to the Regional Director, using the appropriate form. *See id.* § 542.15(a). And, finally, if the inmate is not satisfied with the Regional Director's response, then the inmate shall submit an appeal to the Office of the General Counsel, located in the BOP Central Office, using the appropriate form. *See id.* An inmate is not deemed to have exhausted his administrative remedies until his complaint has been pursued at all levels. *See id.* (explaining that an "[a]ppeal to the General Counsel is the final administrative appeal").

Here, the undisputed record reflects that Bennett has not filed a single administrative remedy while in BOP custody. (Doc. 6-4). Rather than comply with the Administrative

4

Remedy process, Bennett entirely bypassed the statutorily mandated procedures and, instead, filed the instant habeas petition in federal court.

Bennett concedes his failure to exhaust and argues that exhaustion should be excused as futile because "[t]he Bureau of Prisons['] Administrative Remedy Program requires completion of BP-8 through BP-11 and routinely takes between five and nine months to exhaust fully." (Doc. 1, at 4; *see also* Doc. 9, at 2-3). Bennett thus argues that he should not have to exhaust his administrative remedies because completing the BOP's administrative remedy process would take a significant amount of time and he allegedly would be entitled to release before he could complete the program. (*Id.*). However, Bennett's argument does not provide a basis to excuse exhaustion. *See, e.g.*, *Greene v. Spaulding*, No. 22-cv-01726, 2023 WL 3372375, at *2 (M.D. Pa. Apr. 26, 2023) (concluding that the Section 2241 petitioner had failed to show irreparable harm as a basis for excusing administrative exhaustion, where he argued that the denial of his claim at the administrative level would result in him being released later than the date he would be entitled to release if he were granted habeas relief—i.e., granted credits under the First Step Act); *Rodriguez v. Sage*, No. 22-cv-02053, 2023 WL 2309781, at *2 (M.D. Pa. Mar. 1, 2023) (explaining that "district courts within the Third Circuit have repeatedly rejected the argument that an inmate can be excused from the exhaustion requirement simply because his projected release date is approaching, and he may not complete his administrative appeal before the release date" (collecting cases)); *Ramirez v. Sage*, No. 22-cv-00638, 2022 WL 2318693, at *2 (M.D. Pa.

June 28, 2022) (rejecting the Section 2241 petitioner's argument that requiring him to exhaust his administrative remedies "would subject him to irreparable harm because the delay would result in him being incarcerated beyond the date he should be released" (citation omitted)). Additionally, the Court is unaware of any decision from the Third Circuit Court of Appeals holding that a federal prisoner may be excused from the exhaustion requirement on that ground.

Bennett has not identified any BOP actions that would clearly and unambiguously violate statutory or constitutional rights, and he has not set forth any facts or advanced any argument that would permit this Court to find that exhaustion of administrative remedies would subject him to irreparable injury. His unsupported and conclusory claim that exhaustion would be futile is insufficient to circumvent the prudential exhaustion requirement for Section 2241 petitions and falls short of making a "clear and positive showing" of futility to excuse exhaustion. *Wilson*, 475 F.3d at 175.

Overall, Bennett has not shown that exhaustion is futile because he does not have sufficient time to pursue his claims through the BOP's administrative system. The Court finds that Bennett's claim must first be presented to BOP officials and fully exhausted. Because Bennet did not even attempt to exhaust his administrative remedies before petitioning this Court, and because no exception to the exhaustion requirement applies here, his Section 2241 petition must be dismissed.

## III. Conclusion

For the foregoing reasons, the Court will dismiss without prejudice the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1).

A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: February 13, 2026